UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUDITH OXLEY and
DAVID WILLS,

      Plaintiffs,

v.                                        Case No. 06-15206
                                              Hon. Sean F. Cox

CITY OF ECORSE, et al.

      Defendants.
_____

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to dismiss and Plaintiffs' Motion to strike Defendants' Reply brief.[1] The parties have briefed the issues and a hearing was held August 30, 2007. For the following reasons, the Court: (1) **GRANTS** Plaintiffs' Motion to strike Defendants' Reply brief; and (2) **DENIES** Defendants' Motion to dismiss.

### I.   BACKGROUND

This action arises out of an allegedly false arrest. Plaintiffs, Judith Oxley ("Oxley") and David Wills ("Wills"), were arrested by Defendants on November 21, 2003.

Plaintiffs allege that prior to November 21, 2003, Plaintiffs witnessed their neighbor, Randy Clark ("Clark"), sell drugs. Wills confronted Clark about the drug sales and was allegedly told to mind his own business or Clark would have his father "take care of him." Clark's father is Defendant Officer Ronald Matthews.

---

[1]Plaintiffs labeled the filing as an "objection" to Defendants' Reply, however, the court will treat the filing as a motion to strike.

1

On November 21, 2003, Wills again confronted Clark regarding drug sales and problems with his dogs. Clark used profanity and threatening language against Wills. Wills went to the Ecorse police department to file a complaint against Clark. Plaintiffs claim that Defendant Officer Willy Tolbert took the complaint, but Plaintiffs witnessed him throw it away.

When Plaintiffs returned home, Wills had another exchange with Clark. This time Clark allegedly called his father, Defendant Matthews. Shortly thereafter, Defendant Matthews and several other Defendant Officers arrived. The Defendant Officers grabbed Wills, handcuffed him, frisked him, and threw him in the back of a police vehicle. Meanwhile, Clark was talking and laughing with the officers, and calling Oxley names. The Defendant Officers entered Plaintiffs' apartment and handcuffed Oxley. She was allegedly dragged down the stairs. Both Plaintiffs were taken to the Ecorse police station.

Wills was held for approximately 45 minutes before being instructed to leave through the garage door. Wills was not charged. Oxley was charged with disorderly conduct but was not convicted.

On August 2, 2005, Plaintiffs filed an action in the Wayne County Circuit Court. The case, <u>Judith Oxley and David Wills v. Lawrence Rivera, et al.</u>, case no. 05-522600 CZ, is currently pending before Hon. Robert L. Ziolkowski. Plaintiffs' Wayne County complaint alleges: (1) assault and battery; (2) false arrest/false imprisonment; and (3) malicious prosecution. The defendants in the Wayne County case are "Rivera, J. Meredith, Oliver, O'Hara, Hancock, Jackson, Matthews, G. Howard, and other unnamed officers."

On October 31, 2006, Plaintiffs filed a motion in the Wayne County action seeking to amend their complaint. Plaintiffs wanted to add claims for false arrest, excessive force, and

2

malicious prosecution in violation of 42 U.S.C. § 1983; and a claim for gross negligence. Judge John D. O'Hair, sitting in place of Judge Ziolkowski, ruled that Plaintiffs request to amend their complaint was "too late." Plaintiffs filed a motion for reconsideration that was denied.

On November 21, 2006, Plaintiffs filed the instant action before this court. Plaintiffs' Complaint alleges: (1) false arrest in violation of 42 U.S.C. § 1983; (2) malicious prosecution in violation of 42 U.S.C. § 1983; (3) excessive force in violation of 42 U.S.C. § 1983; (4) gross negligence; and (5) municipal liability under 42 U.S.C. § 1983 against the City of Ecorse. The Defendants in the instant action are "City of Ecorse, Lawrence Rivera, Rodney Oliver, Jeremy O'Hara, Brian Hancock, Ira Jackson, Ronald Matthews, Geoffrey Howard, and Willy Tolbert."

On May 18, 2007, Defendants filed the instant Motion to dismiss. Plaintiffs filed a Response on June 7, 2007. Defendants, without requesting additional time, filed an untimely Reply on July 3, 2007.[2] On July 6, 2007, Plaintiffs filed an objection to the timeliness of Defendants reply, which the court treats as a motion to strike. Defendants did not respond to Plaintiffs' objections. Accordingly, Defendants Reply brief is stricken and will not be relied on in this opinion and order.

## II. STANDARD OF REVIEW

"[A] complaint may be dismissed for failure to state a claim upon which relief can be granted. The court must construe the complaint in a light most favorable to the plaintiff, and accept all of [his] factual allegations as true. When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th

---

[2] E.D. Mich. LR 7.1(d)(1)(C) requires a reply brief to be filed "within 7 days after service of the response."

Cir. 1998)(citation omitted). The plaintiff is not required to provide detailed factual allegations, but must "provide the grounds of his entitlement to relief" by offering more than "labels and conclusions." *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient to state a claim. *Id*. at 1965. The plaintiff is required to plead enough facts to state a claim to relief that is plausible on its face. *Id*. at 1974.

### III.    ANALYSIS

Defendants assert two theories for dismissing Plaintiffs' claims. First, Defendants contend that Plaintiffs' claims are barred by the statute of limitations. Second, Defendants argue that Plaintiffs' claims are barred by the doctrine of res judicata, based on the ruling in the Wayne County Circuit Court denying leave to amend the Wayne County complaint.

####    A.    Statute of Limitations

It is well-settled that because Congress did not specify a statute of limitations for §1983 actions, the federal court borrows the applicable statute of limitations governing personal injury from the state where the action was brought. *Swiecicki v. Delgado*, 463 F.3d 489, 493 (6th Cir. 2006). Defendants' argument that Plaintiffs' claims are barred by a two year statute of limitation is clearly wrong in light of controlling Supreme Court and Sixth Circuit case law.

In *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988)(emphasis added), the Sixth Circuit held that "the appropriate statute of limitations to be applied in ***all section 1983 actions*** is the state statute of limitations governing actions for personal injury." (citing *Wilson v. Garcia*, 471 U.S. 261, 276-280 (1985)). Further, the court held that "Michigan's three year

4

statute of limitations for personal injury claims [MCL §600.5805(10)][3] governs section 1983 actions when the cause of action arises in Michigan." *Id*. (citing *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986)).

The acts which form the basis of Plaintiffs' causes of action occurred on November 21, 2003. Plaintiffs Complaint was filed on November 21, 2006. Accordingly, Plaintiffs' section 1983 claims are not subject to dismissal as time barred.

**B.     Res Judicata**

Defendants contend that Plaintiffs' claims are barred by res judicata because, according to Defendants, "[t]he State Court's denial of Plaintiffs' application for permission to amend its complaint to add a §1983 cause of action has a conclusive effect on the instant cause of action, in that the same 42 USC §1983 count that the Plaintiffs attempt to raise before this Honorable Court was litigated before Judge O'Hair." [Motion, p.5]. Defendants also argue that Plaintiffs' claims should have been brought as part of the state court action.

The doctrine of res judicata comes from the Full Faith and Credit statute , which requires federal courts to give full faith and credit to the judicial proceedings of state courts. 28 U.S.C. § 1738. In *Migra v. Warren City School Distirct Bd. of Educ.*, 465 U.S. 75, 77 (1984), the Court expressed its preference for the use of the term 'claim preclusion' rather than the more traditionally utilized term 'res judicata.' *Mitchell v. Chapman*, 343 F.3d 811, 819 n.5 (6th Cir. 2003). "Res judicata generally includes two separate concepts - claim preclusion and issue preclusion." *Id*. "Claim preclusion, or true res judicata, refers to effect of a prior judgment in

---

[3]Section 600.5805(10) provides "[t]he period of limitations is 3 years after the time of death or injury for all other actions to recover damages for the death of a person, or for injury to a person or property."

5

foreclosing a subsequent claim that has never been litigated, because of a determination that it should have been advanced in an earlier action. *Id*. Issue preclusion, on the other hand, refers to the foreclosure of an issue previously litigated. *Id*.

"Claim preclusion is the doctrine by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or raising a new defense to defeat a prior judgment." *Id*. "It precludes not only relitigating a claim previously adjudicated; it also precludes litigating a claim or defense that should have been raised, but was not, in the prior suit." *Id*. A federal court ruling on the issue of claim preclusion applies the law of the state in which the judgment was rendered. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). Under Michigan law, claim preclusion applies when: (1) the prior action was decided on the merits; (2) both actions involve the same parties or their privies; and (3) the matter in the second case was, or could have been, resolved in the first. *Abbott v. Michigan*, 474 F.3d 324, 331 (6th Cir. 2007)(citation omitted). "Claim preclusion bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id*. Defendants have the burden of establishing the applicability of claim preclusion. *Id*.

Defendants fail to meet their burden of establishing the applicability of the doctrine of claim preclusion to bar Plaintiffs claims in this case because under the first element, there was no decision on the merits. In an analogous case, *Martin v. Deuchler*, 114 Mich.App. 380, 383 (Mich.App. 1982), the court was presented with the issue of "whether denial of plaintiffs' motion to amend their pleadings in the first suit constituted an adjudication on the merits of those new claims which would have been contained in the amended complaint." The court ruled that:

> In most instances, the denial of a motion to amend will not be a decision on the merits. For example, when amendment is denied because of undue delay, bad faith, dilatory motive or undue prejudice to the opposing party, *Ben P. Fyke & Sons v. Gunter Co.*, 390 Mich. 649, 656, 213 N.W.2d 134 (1973), the substance of the claims sought to be added will not likely have been considered. However, when, as in the present case, the denial is made on the basis of the futility of the amendment, it is in effect a determination that the added claims are substantively without merit; that is, that the claims are frivolous or legally insufficient on their face.

See also similar holdings in, *DeCare v. American Fidelity Fire Ins. Co.*, 139 Mich.App. 69, 77-78 (Mich.App. 1984); *Crumm v. Addison Community Hospital*, 1999 WL 33327162 *2 (Mich.App. 1999); *Lozowski v. Benedict*, 2007 WL 397221 *2 (Mich.App. 2007).

The parties agree that the motion to amend Plaintiffs' Wayne County complaint was denied because it was "too late." [Motion, p.4; Response, p.3]. Defendants do not assert any other basis for the denial of the motion to amend. Accordingly, there was no adjudication on the merits. Plaintiffs' claims are not barred by claim preclusion.

The Court does not address Plaintiffs' arguments regarding the merits of their claims, as those issues are not properly before the Court.

### IV. CONCLUSION

For the foregoing reasons, the Court: (1) **GRANTS** Plaintiffs' Motion to strike Defendants' Reply brief; and (2) **DENIES** Defendants' Motion to dismiss.

**IT IS SO ORDERED.**

<u>S/Sean F. Cox</u>
**Sean F. Cox**
**United States District Judge**

**Dated: September 5, 2007**

**I hereby certify that a copy of the foregoing document was served upon counsel of record**

7

**on September 5, 2007, by electronic and/or ordinary mail.**

        **S/Jennifer Hernandez**
        **Case Manager**